UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ELIZABETH PANZARELLA and JOSHUA PANZARELLA, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NAVIENT SOLUTIONS, LLC,<br><br>Defendant. | Case No. 2:18-cv-03735-PBT |

**DEFENDANT'S MOTION TO STRIKE PLAINTIFFS' MOTION FOR LEAVE TO FILE SURREPLY IN SUPPORT OF PLAINTIFFS' AMENDED RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [DKT. 65]**

Defendant, Navient Solutions, LLC ("NSL"), submits this Motion to Strike the Motion for Leave to File Surreply [Dkt. 65] ("Motion for Leave") filed by plaintiffs Elizabeth Panzarella and Joshua Panzarella (together, "Plaintiffs") and states as follows:

### I. INTRODUCTION

The Motion for Leave is an inappropriate attempt to: (1) rehash arguments made in Plaintiffs' late-filed Amended Response to the Motion for Summary Judgment; (2) sneak in an expert report (labeled as a "declaration") by Randall Snyder ("Snyder") ***73 days*** past the deadline set for designating experts and submitting reports in violation of the Scheduling Order and the Federal Rules of Civil Procedure; and (3) mitigate their unaccountable failure to address directly applicable and controlling authority, *Dominguez v. Yahoo, Inc*., 894 F.3d 116 (3d Cir. 2018), in their Amended Response to the Motion for Summary Judgment ("Amended Response"). For multiple reasons, the Court should strike the Motion for Leave, the proposed surreply and the attached expert report.

1

## II.     ARGUMENT

Although courts use their power to strike sparingly, it is justified when parties submit improper, redundant or belated material, and particularly where the submission unfairly prejudices the other party. *See, e.g., Adams v. United States EEOC*, 932 F. Supp. 660, 663 (E.D. Pa. 1996) (striking surreply); *Bryant v. Thomas Howell Group*, Civil No. 1996-121, 2000 U.S. Dist. LEXIS 9946 at * 6-12 (D.V.I. July 10, 2000) (striking untimely filed response to summary judgment motion); *Krouse v. American Sterilizer Co.*, 984 F. Supp. 891, 913-15 (W.D. Pa. 1996) (striking plaintiff's affidavit in support of brief opposing summary judgment that was filed untimely and without leave). Moreover, it is fundamental that good cause must exist to file a surreply. *See, e.g., Warfield v. SEPTA*, No. 10-3023, 2011 U.S. Dist. LEXIS 54034, at *1 n.2 (E.D. Pa. May 19, 2011) ("We disfavor sur-replies, and without a motion laying out good cause for us to grant the request to consider a sur-reply, we will not consider one."). No such good cause exists here (nor do Plaintiffs even endeavor to argue good cause). Plaintiffs' Motion for Leave therefore should be rejected for three reasons.

*First*, in the surreply, Plaintiffs raise redundant arguments. For instance, Plaintiffs echo their assertions that the manual dialing modes used in making the calls at issue are irrelevant and that the SQL server is part of, rather than separate from, the ININ system. (*Compare* Resp. at 11 and 14-17 *with* Mot. for Leave at 2-3.)  Courts routinely reject such reiterated arguments in a surreply as improper. *See, e.g.*, *Repass v. Clark Cnty. Det. Ctr.*, No. 2:13-CV-00237-APG-GWF, 2014 U.S. Dist. LEXIS 11711, at *22-23 (D. Nev. Jan. 29, 2014) (Plaintiff's supplement "is effectively a surreply filed without permission … Even if the Court interpreted the surreply as inherently a motion for leave to file a surreply, the Court would deny that motion. ... [Plaintiff] has raised these arguments in prior filings. The Court grants Defendants' motion to strike []

because the surreply is redundant."); *Dasque v. Nordstrom, Inc.*, No. 02-5895-AET, 2005 U.S. Dist. LEXIS 49174, at *5-7 n.4 (D.N.J. June 1, 2005) (granting defendant's motion to strike surreply to motion for summary judgment as containing reiteration).

*Second*, in submitting Mr. Snyder's declaration with the surreply, Plaintiffs violate procedural rules for discovery as well as the Scheduling Order, which set December 27, 2019 as Plaintiffs' expert report deadline. These violations matter because a court may "prohibit the admission of evidence, including testimony by expert witnesses, offered by a party in violation of a pre-trial order." *Soufflas v. Zimmer, Inc.*, 474 F. Supp. 2d 737, 745, n. 4 (E.D. Pa. 2007) (citing Fed. R. Civ. P. 37(c)(1)). In determining whether to do so, courts consider: (1) the prejudice or surprise of the party against whom the excluded evidence is offered; (2) the ability of that party to cure the prejudice; (3) the extent to which allowing the evidence would disrupt the orderly and efficient trial of the case; and (4) bad faith or willfulness in failing to make a required disclosure or comply with a court order. *Id*. (citing *Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894, 904 (3d Cir. 1977), overruled on other grounds by *Goodman v. Lukens Steel Co.*, 777 F.2d 113 (3d Cir. 1985)). In short, a court properly excludes expert testimony when "there is no reasonable explanation for delay or its legal position is irreparably prejudiced, or the administration of justice will be greatly burdened." *Id*.

In addition, courts specifically have stricken expert declarations -- containing opinions that were not timely disclosed -- filed in opposition to summary judgment. *See, e.g., In re Safeguard Scientifics*, No. 01-3208, 2004 U.S. Dist. LEXIS 23494, at *13 (E.D. Pa. Nov. 17, 2004) (dismissing portion of declaration filed in opposition to summary judgment "[b]ecause the [p]reliminary [r]eport did not include a statement of [the expert]'s opinion regarding causation …, and because evidence of related calculations or analyses was presented for the first time in the

[expert's] [d]eclaration"); *United States ex rel. Magid v. Wilderman*, No. 96-CV-4346, 2004 U.S. Dist. LEXIS 8459, at *14 (E.D. Pa. Apr. 29, 2004) (dismissing declaration filed in opposition to summary judgment because it provided an expert opinion not previously proffered); *Schaefer-Condulmari v. US Airways Grp., LLC*, No. 09-1146, 2012 U.S. Dist. LEXIS 99666, at *18 (E.D. Pa. July 17, 2012) (striking untimely expert declaration filed in response to summary judgment because Rule 26(a)(3) "cannot be used to amend an expert report to avoid summary judgment").

Here, all four of the *Soufflas* factors are met. Plaintiffs' Motion for Leave and its attached 21-page Declaration of Mr. Snyder, raising expert opinions, should be stricken as an inappropriate, highly prejudicial attempt to submit a report past the deadline. Had Snyder's opinions been timely submitted, NSL would have been entitled to submit a rebuttal report by January 29, 2020. Plaintiffs' approach deprived NSL of that opportunity. *See* Fed. R. Civ. P. 26(a)(2) advisory committee's note to 1993 amendment (The purpose of the requirement is to provide the opposing party with a "reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony of other witnesses."). Moreover, NSL would have deposed Mr. Snyder by the deadline set by the Court -- February 18, 2020.  (Oct. 10, 2019 Order, Dkt No. 46.) Further, given Plaintiffs' last-minute and improper submission of the Snyder declaration, NSL was unable to respond to the opinions in its Motion for Summary Judgment or supporting Reply. Plaintiffs cannot begin to explain how they could cure the prejudice to NSL here, so they do not try.[1]

---

[1] Indeed, as explained in NSL's Reply to the Motion for Summary Judgment, Mr. Snyder is a known, serial expert for plaintiffs pursuing TCPA class actions. Dkt. 64 at 6-7 and fn 5. In fact, he recently submitted a substantially similar report on the ININ system's present capacity (which was rejected as unsupported and speculative). *Id.; Smith v. Navient Sols., LLC*, No. CV 3:17-191, 2019 WL 3574248, at *8 (W.D. Pa. Aug. 6, 2019) at Dkt. 62-1 (Exhibit A to Opposition to Motion for Summary Judgment, Declaration of Randall Snyder dated Sept. 20, 2018). Suffice it to say that Plaintiffs had ample opportunity to identify Mr. Snyder as their expert, retain him and have him

*Finally*, Plaintiffs submit their surreply for one more reason -- to rationalize their omission of *Dominguez* from the Amended Response. Plaintiffs assert that the "lack of a direct citation"[2] is irrelevant because *Dominguez* "only addressed the issue of 'latent' or 'potential' capacity" to store or generate numbers and then to dial them, while their claim here is that NSL's ININ system has these *present* capacities. (Mot. for Leave at 2.) This argument plainly is wrong and should be rejected.

In *Dominguez*, the Third Circuit did not just discuss "potential" or "latent" capacity -- rather, it squarely dealt with "present" capacity:

> In light of the D.C. Circuit's holding [in *ACA International v. FCC*, 885 F.3d 687, 700 (D.C. Cir. 2018), which set aside the FCC's 2015 Declaratory Ruling], we interpret the statutory definition of an autodialer as we did prior to the issuance of 2015 Declaratory Ruling. Dominguez can no longer rely on [plaintiff's] argument that the Email SMS Service had the latent or potential capacity to function as autodialer. *The only remaining question, then, is whether Dominguez provided evidence to show that the Email SMS Service had the **present** capacity to function as autodialer."*)

*Dominguez*, 894 F.3d at 119 (3d Cir. 2018) (emphasis added). The Third Circuit then went on to analyze that "remaining question" as to Yahoo, Inc.'s Email SMS Service. Notably, in so doing, the Third Circuit also rejected an expert report submitted by none other than Mr. Snyder:

> Dominguez's final expert report, the supplemental declaration of [Snyder,] also falls short of the admissibility standard. Snyder purports to address present, not just latent, capacity, repeatedly opining that "Yahoo's Email SMS Service system had the ability to generate random numbers and, in fact, did generate random numbers." This opinion, however, is supported by little more than the same type of overbroad, generalized assertions found in the [already rejected] Hansen Report. … Snyder goes on to explain the role that random number generators play in various commonly available computer operating systems, such as Microsoft Windows… Notably absent, however, is any explanation of how the Email SMS System

---

prepare a report, or at a minimum (if deemed necessary), seek an extension of their deadline to do so. NSL then would have taken the necessary discovery and advanced the appropriate arguments here.

[2] To be clear, the problem here is not Plaintiffs' "lack of direct citation" to *Dominguez*. Plaintiffs did not cite or discuss *Dominguez at all* in the Amended Response.

actually did or could generate random telephone numbers to dial. In that regard, the Snyder Supplemental Declaration is hardly less speculative than the [already rejected] expert reports of Krishnamurthy, Christensen, or Hansen -- and raises the same concerns about the TCPA's breadth that the D.C. Circuit addressed in *ACA International*. Because it does not shed light on the key factual question actually at issue in this case -- whether the Email SMS System functioned as an autodialer by randomly or sequentially generating telephone numbers, and dialing those numbers -- the Snyder Supplemental Declaration, like the other expert reports, lacks fit or relevance and was therefore properly excluded.

Ultimately, Dominguez cannot point to any evidence that creates a genuine dispute of fact as to whether the Email SMS Service had the present capacity to function as an autodialer by generating random or sequential telephone numbers and dialing those numbers. On the contrary, the record indicates that the Email SMS Service sent messages only to numbers that had been individually and manually inputted into its system by a user. …

For the above reasons, we will affirm the District Court's orders excluding Dominguez's expert reports and granting summary judgment in favor of Yahoo.

*Id*. at 120–21; *see also Smith*, 2019 WL 3574248 at *8 (also rejecting Snyder's report). In short, *Dominguez* is controlling, and the Court should reject Plaintiffs' belated, misguided and unsupported discussion in the surreply.

### III.  CONCLUSION.

The Court should strike Plaintiffs' Motion for Leave, along with the proposed surreply and Snyder's declaration.

DATED:  March 17, 2020               GREENBERG TRAURIG, LLP

By  /s/ *Lisa M. Simonetti*
Lisa M. Simonetti (*pro hac vice*)
simonettil@gtlaw.com
1840 Century Park East, Suite 1900
Los Angeles, California 90067
Tel: 310-586-7700
Fax: 310-586-7800

*Attorneys for Defendant
Navient Solutions, LLC*

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on the date below I electronically filed the foregoing Motion with the Clerk of the Court using CM/ECF which will send electronic notification via the Court's ECF system to all CM/ECF participants.

Dated:  March 17, 2020                    /s/ *Lisa M. Simonetti*
                                                       Lisa M. Simonetti