# Exhibit 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ELIZABETH PANZARELLA and <br> JOSHUA PANZARELLA, individually and <br> on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> NAVIENT SOLUTIONS, LLC, <br><br> Defendant. | : <br> : <br> : <br> : <br> : No. 2:18-cv-03735-PBT <br> : <br> : <br> : <br> : CLASS ACTION <br> : <br> : |

**DEFENDANT NAVIENT SOLUTIONS LLC'S RESPONSES
TO PLAINTIFFS' FIRST SET OF INTERROGATORIES**

Pursuant to Federal Rule of Civil Procedure 33, defendant Navient Solutions, LLC ("NSL") hereby responds and objects to the First Set of Interrogatories (the "Interrogatories") propounded by plaintiffs Elizabeth Panzarella and Joshua Panzarella (together, "Plaintiffs") as follows:

**PRELIMINARY STATEMENT**

NSL responds to the Interrogatories based upon the investigation conducted in the time available since service of the Interrogatories. As of the date of these Responses, NSL has had an insufficient opportunity to review all documents, interview all personnel and otherwise obtain information that may prove relevant in this case, including, without limitation, through discovery of Plaintiffs and/or third parties. As a consequence, NSL's Responses are based upon information now known to NSL and that NSL believes to be relevant to the subject matter covered by the Interrogatories. In the future, NSL may discover or acquire additional information, or may discover documents currently in its possession, bearing upon the Interrogatories and NSL's Responses thereto. Without in any way obligating itself to do so, NSL reserves the right: (A) to make subsequent revisions, supplementation or amendments to these Responses based upon any

**INTERROGATORY NO. 9:**

For each telephone call identified by Defendant in response to the preceding interrogatory, please state for each call the exact reason why Defendant made said telephone call to the identified cellular telephone numbers.

**RESPONSE TO INTERROGATORY NO. 9:**

NSL objects to this Interrogatory on the grounds that: (i) it is overbroad, unduly burdensome and harassing; (ii) it seeks information that is not relevant to any party's claim or defense in this action; (iii) it seeks discovery that is not proportional to the needs of the action; (iv) it seeks information in which third parties have a legitimate expectation and/or right of privacy; and (v) it is compound because Interrogatory No. 8 is compound.

**INTERROGATORY NO. 10:**

If you contend that Defendant did not place any calls to Plaintiffs or to telephone numbers (610) 416-1705 and (484) 886-1692, please identify the entity responsible for initiating the telephone calls to Plaintiffs or to telephone numbers (610) 416-1705 and (484) 886-1692 during the Relevant Time Period.

**RESPONSE TO INTERROGATORY NO. 10:**

NSL placed calls to the telephone numbers ending in -1705 and 1692.

**INTERROGATORY NO. 11:**

If Defendant contends that it called telephone numbers (610) 416-1705 and (484) 886-1692 with the intention to reach someone other than the Plaintiffs, identify the name of the person Defendant intended to reach, and provide all facts supporting Defendant's belief that telephone

**RESPONSE TO INTERROGATORY NO. 19:**

NSL objects to this Interrogatory on the grounds that: (i) it seeks information that is not relevant to any party's claim or defense in this action; (ii) it is overbroad, unduly burdensome and harassing; and (iii) it seeks information in which third parties have a legitimate expectation and/or right of privacy.

**INTERROGATORY NO. 20:**

If your response to any Request in Plaintiff's First Request for Admissions was anything other than an unqualified admission, then for each such response: state the number of the Request, and (1) state each and every fact that forms the basis for your response to the Request, and (2) identify each document that supports and/or forms the basis for your response to the Request.

**RESPONSE TO INTERROGATORY NO. 20:**

NSL objects to this Request on the grounds that: (i) it is overbroad, unduly burdensome and harassing; (ii) it seeks information that is protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine; (iii) it seeks discovery that is not proportional to the needs of the action; and (iv) it is compound.

DATED: April 5, 2019                         GREENBERG TRAURIG, LLP

                                             By _____
                                                Lisa M. Simonetti

                                             Attorneys for Defendant
                                             NAVIENT SOLUTIONS, LLC

## VERIFICATION

I, Carl Cannon, am an employee of Navient Solutions, LLC ("NSL"), a party to this action, and am authorized to make this Verification on its behalf. I have read NSL's Responses to Plaintiffs' First Set of Interrogatories (the "Responses"). I am informed and believe, including based on information that I have received during the course of my employment at NSL, as well as a review of records maintained by or belonging to NSL with respect to the conduct challenged by plaintiffs in this action, that the matters set forth in the Responses are true. I declare under penalty of perjury under the laws of the United States that the foregoing is a true and correct.

Executed this 5th day of April 2019, in Wilkes-Barre, PA.

*Carl O. Ca____*