UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ELIZABETH PANZARELLA** and **JOSHUA PANZARELLA**, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**NAVIENT SOLUTIONS, LLC,**<br><br>Defendant. | No. 2:18-cv-03735-PBT<br><br>CLASS ACTION |

### [PROPOSED] ORDER GRANTING MOTION FOR CLASS CERTIFICATION

AND NOW, this _____ day of _____, 20___, upon consideration of Plaintiffs' Motion for Class Certification (the "Motion") and Defendant's response thereto, and good cause appearing therefore:

IT IS HEREBY ORDERED that the Motion is **GRANTED**. This action shall be maintained as a class action in accordance with Federal Rule of Civil Procedure 23(a) and (b)(3) pursuant to the following findings of fact:

1. Plaintiffs have asserted claims for Defendant Navient Solutions, LLC's violations of the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227(b)(1)(A)(iii), on behalf of the following Classes:

    a. The *Baker* Not Noticed Class

    Those persons who were listed as a credit reference on a student loan application and called by Navient on a cellular telephone number without their prior consent from October 16, 2013 to July 3, 2018 using dialing technology manufactured and/or licensed by Interactive Intelligence, but were not sent notice of the class settlement in *Baker v. Navient Solutions, LLC,* C.A. No. 17-1160 (E.D. Va.).

    b.  <u>The Post-*Baker* Class</u>

  Those persons who were listed as a credit reference on a student loan application and were called by Navient without their prior consent after July 3, 2018 on a cellular telephone number using dialing technology manufactured and/or licensed by Interactive Intelligence.

  2.  The Classes are so numerous that joinder of all members is impracticable.

  3.  There are questions of law and/or fact common to the Classes. The principal questions include:

    a.  Whether Defendant violated the TCPA by making cellular telephone calls to members of the Classes without their prior consent using an automatic telephone dialing system.

    b.  Whether Defendant acted willfully, *i.e.*, in reckless disregard of the law; and

    c.  The quantum of statutory damages for the violation(s).

  4.  The claim of representative Plaintiffs Elizabeth Panzarella and Joshua Panzarella are typical of the claim of the Classes. Like every member of the proposed classes, Plaintiffs were the subject of collection calls regarding debts they did not owe and the calls were made by an automatic telephone dialing system without the Plaintiffs' prior consent. Plaintiffs' claim for uniform statutory damages under the TCPA is the same claim of every class member.

  5.  Plaintiffs and their counsel will fairly and adequately represent the interests of the Classes. Elizabeth Panzarella and Joshua Panzarella have no interests that appear antagonistic to the Classes, and Plaintiffs' counsel, Francis Mailman Soumilas, P.C., Robert P. Cocco, P.C. and Maney & Gordon, P.A. have been shown to be experienced and competent in consumer class litigation.

  6.  Common proof will predominate in this TCPA class action seeking only statutory damages, including:

  a. Defendant's policies and practices of using an automatic telephone dialing system to contact class members;

  b. Defendant's institutional knowledge, following the settlement of two other TCPA class actions against it alleging the same conduct, about whether it should have ceased such activity; and,

  c. Defendant's motivations for continuing to violate the TCPA.

7. A class action is superior to other available methods for the fair and efficient adjudication of this controversy in that:

  a. The prosecution of separate actions by individual members of the Classes would create a risk of inconsistent or varying adjudications with respect to individual members of the Classes;

  b. In view of the complexities of the issues and the expenses of litigation, the separate claims of individual class members are not sufficient in amount to support separate actions;

  c. The amount which may be recovered by individual class members is modest in relation to the expense and effort of proceeding with individual lawsuits, thus making this class proceeding more economical; and,

  d. The Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making final relief appropriate with respect to the Class.

It is therefore further **ORDERED**:

    A.    Pursuant to Fed. R. Civ. P. 23(b)(3), the Court hereby **CERTIFIES** the following Classes:

### The *Baker* Not Noticed Class

Those persons who were listed as a credit reference on a student loan application and called by Navient on a cellular telephone number without their prior consent from October 16, 2013 to July 3, 2018 using dialing technology manufactured and/or licensed by Interactive Intelligence, but were not sent notice of the class settlement in *Baker v. Navient Solutions, LLC,* C.A. No. 17-1160 (E.D. Va.).

### The Post-*Baker* Class

Those persons who were listed as a credit reference on a student loan application and were called by Navient without their prior consent after July 3, 2018 on a cellular telephone number using dialing technology manufactured and/or licensed by Interactive Intelligence.

    B.    Plaintiffs Elizabeth Panzarella and Joshua Panzarella are certified as Class Representatives.

    C.    The firms of Francis Mailman Soumilas, P.C., Robert P. Cocco, P.C. and Maney & Gordon, P.A. are certified as Class Counsel.

    D.    Plaintiffs shall submit a proposed form of class notification to the Court for review and approval within 30 days of this Order;

    E.    Defendant shall produce a class list to Class Counsel within 14 days of this Order.

    F.    After an Order approving and directing notice to the Class, a further Scheduling Order will issue.

    By the Court:

_____
Hon. Petrese B. Tucker
United States District Judge